HARDIMAN, Circuit Judge,
concurring dubitante.
I join Judge Smith’s excellent opinion in full, but I write separately to express my doubt that the expression of the plenary power doctrine in Landon v. Plasencia completely resolves step one of the Suspension Clause analysis under Boume-diene. Although Landon appears to preclude “alien[s] seeking initial admission to the United States” from invoking any constitutional protections “regarding [their] application^,” the question of what constitutional rights such aliens are afforded was not squarely before the Supreme Court in that case because the petitioner was a returning permanent resident. 459 U.S. 21, 23, 32, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982). Nor did the Court in Landon purport to resolve a jurisdictional question raising the possibility of an unconstitutional suspension of the writ of habeas corpus.[1]
Despite my uncertainty about Landon’s, dispositive application here, I am convinced that we would reach the same result under step two of Boumediene’s framework. Unlike the petitioners in Boumediene — who sought their release in the face of indefinite detention — Petitioners here seek to alter their status in the United States in the hope of avoiding release to their homelands. That prayer for *451 relief, in my view, dooms the merits of their Suspension Clause argument that 8 U.S.C. § 1252(e) provides an “inadequate or ineffective” habeas substitute. United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952).